# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

EDDIE MORALES,

    Plaintiff,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

NO. EDCV 10-13 AGR

**MEMORANDUM OPINION AND ORDER**

Eddie Morales filed this action on January 19, 2010. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on February 2 and 19, 2010. (Dkt. Nos. 8, 9.) On October 26, 2010, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

Having reviewed the entire file, the Court affirms the decision of the Commissioner.

///
///
///
///

# I.

## PROCEDURAL BACKGROUND

On June 30, 2006, Morales filed an application for supplemental security income benefits alleging an onset date of June 30, 2006. Administrative Record ("AR") 8. The application was denied initially and upon reconsideration. AR 31-32. Morales requested a hearing before an Administrative Law Judge ("ALJ"). On April 16, 2009, the ALJ conducted a hearing by video at which Morales did not appear but was represented by counsel, and a vocational expert ("VE") testified. AR 22-30. On May 20, 2009, the ALJ issued a decision denying benefits. AR 5-14. On December 15, 2009, the Appeals Council denied the request for review. AR 1-3. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

///

2

**III.**

**DISCUSSION**

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B. The ALJ's Findings

The ALJ found that Morales has the severe impairment of "substance-induced mood disorder." AR 10. Morales has the residual functional capacity ("RFC") to perform a "full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to simple, repetitive work that does not require any interaction with the public or exposure to active hazards such as heights or moving equipment." AR 12. Morales has no past relevant work. *Id.* However, "there are jobs that exist in significant numbers in the national economy that [he] can perform" such as hand packager and small products assembler. AR 13.

### C. Request for a Continuance

Morales argues that because he was incarcerated at the time of the hearing, the ALJ erred when he "proceeded with the scheduled hearing in [his] absence, denied [his] attorney's request for a continuance, and determined [his] presence 'unnecessary.'" JS 3.

A claimant who objects to the time or place of a hearing before an ALJ "must notify us at the earliest possible opportunity before the time set for the hearing." 20 C.F.R. § 416.1436(d). An ALJ "will change the time or place of the hearing if the [ALJ] finds you have good cause" as defined in the regulations. *Id.*

3

Good cause is established when the claimant or the claimant's representative is unable to attend or travel to the hearing because of (a) "a serious physical or mental condition, incapacitating injury, or death in the family;" or (b) "[s]evere weather conditions." 20 C.F.R. § 416.1436(e)(1). None of these situations applies here.

In other circumstances, the ALJ considers the claimant's "reason for requesting the change, the facts supporting it, and the impact of the proposed change on the efficient administration of the hearing process." 20 C.F.R. § 416.1436(f). Factors affecting the ALJ's decision in making a change include, but are not limited to, "the effect on the processing of other scheduled hearings, delays which might occur in rescheduling your hearing, and whether any prior changes were granted to you." *Id.* Examples of such circumstances include "a witness who will testify to facts material to your case would be unavailable to attend the scheduled hearing and the evidence cannot be otherwise obtained." *Id.* § 1436(f)(4).

In a letter dated April 12, 2009, four days prior to the scheduled hearing of April 16, Morales advised he had been in prison since February 8, 2007, and requested a continuance until after his release date of September 10, 2009. AR 68. At the April 16 hearing, Morales' counsel requested a continuance. The ALJ denied the continuance and found Morales was an "unnecessary" witness. AR 24. In addition, the ALJ determined that this was "an old case," Morales had been in an out of prison,[1] and the potential difficulties in rescheduling the hearing

---

[1] *See generally* AR 172 (Morales' criminal history). There is an intake form dated September 2002 and an indication Morales was to be paroled in July 2003. AR 232-35, 201. There appears to be a gap in the records until March 2005. AR 199. Morales' letter stated his benefits were terminated when he was incarcerated. AR 68. He was released on parole on June 30, 2006 (AR 107) and applied for benefits on September 30, 2006. Morales stated he was re-incarcerated on February 8, 2007 and was not due to be released until September 10, 2009, which was after the date of the ALJ's decision. AR 68.

4

would make it unlikely the case would be resolved by the end of the fiscal year. AR 24.

Morales appears to rely on *McNatt v. Apfel*, 201 F.3d 1084, 1088 (9th Cir. 2000). JS 3-4. In *McNatt*, the court considered the ALJ's dismissal of a request for hearing and cited HALLEX provision 1-2-425(D), which states that "if a claimant's representative appears at a scheduled hearing without the claimant, the ALJ must determine whether the claimant is an essential witness for a proper determination of the case." *McNatt*, 201 F.3d at 1088. If the claimant is not an essential witness, the ALJ should proceed. *Id.* If the ALJ determines that the claimant is an essential witness, the ALJ should offer to postpone the hearing. *Id.* "HALLEX does not impose judicially enforceable duties on either the ALJ or this court." *Lockwood v. Commissioner, SSA*, 616 F.3d 1068, 1072 (9th Cir. 2010), *cert. denied*, 2011 WL 829014 (2011). Here, the ALJ determined that Morales was not an essential witness, and Morales does not present any persuasive argument as to why he should be considered an essential witness.[2] AR 24. The ALJ did not err.

### D.    Step Five of the Sequential Analysis

Morales contends the ALJ improperly determined that his RFC, which precludes "exposure to active hazards such as heights or moving equipment," permits him to perform the jobs of hand packager and small products assembler identified by the VE. AR 12, 28-29.

The Dictionary of Occupational Titles ("DOT") raises a rebuttable presumption as to job classification. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). "[A]n ALJ may [not] rely on a vocational expert's testimony regarding

---

[2]    The mental health records contain Morales' subjective complaints and note the legal and drug problems the ALJ cited to discount Morales' subjective complaints. The treatment records note that there is "some dramatization of symptoms" and that his claimed hallucinations do not correspond with typical symptoms of psychosis. AR 210-11.

the requirements of a particular job without first inquiring whether the testimony conflicts with the *Dictionary of Occupational Titles*." *Massachi v. Astrue*, 486 F.3d 1149, 1152, (9th Cir. 2007) (footnote omitted); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1234 (9th Cir. 2009).  An ALJ must "first determine whether a conflict exists" between the DOT and the VE's testimony, and "then determine whether the [VE's] explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]." *Massachi*, 486 F.3d at 1153.  In evaluating the VE's explanation, "an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson*, 60 F.3d at 1435.  The ALJ's explanation is satisfactory if the ALJ's factual findings support a deviation from the DOT and "persuasive testimony of available job categories" matches "the specific requirements of a designated occupation with the specific abilities and limitations of the claimant." *Id.*

Remand may not be necessary if the procedural error is harmless, *i.e.*, when there is no conflict or if the VE provided sufficient support for his or her conclusion to justify any potential conflicts. *Massachi*, 486 F.3d at 1154 n.19.

In response to the ALJ's hypothetical containing Morales' RFC (including preclusion of active hazards), the VE testified that the most appropriate job would be a hand packager, DOT 920.587-18.  AR 28.  Morales argues that, according to the DOT, a hand packager "starts, stops, and regulates speed of conveyor."  DOT 920.587-18.  However, Morales makes no showing that the duty of starting, stopping or regulating a conveyor is the type of hazard implicated by the RFC assessment.  Social Security Ruling 96-9p[3] describes hazards as including

---

[3]  Social Security rulings do not have the force of law.  Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

"moving mechanical parts of equipment, tools, or machinery; electrical shock; working in high, exposed places; exposure to radiation; working with explosives; and exposure to toxic, caustic chemicals." 1996 SSR LEXIS 6, *24-*25 (July 2, 1996). The DOT description of hand packager does not indicate any proximity to moving mechanical parts of equipment, tools or machinery or any other such hazard.[4] Morales has not shown a conflict, and the ALJ did not err by relying on the VE's testimony.

Morales also contends that the job of small products assembler II is inconsistent with his RFC because it requires use of hand tools, portable powered tools, or bench machines, and includes light cutting operations using machines such as arbor presses, punch presses, taps, spot welding or riveters. DOT 739.687-030. Even assuming the job of small parts assembler is inconsistent with Morales' RFC, any error would be harmless because of the hand packager job properly identified by the VE.

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: May 4, 2011

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

---

[4] By contrast, for example, the DOT describes the job of bakery worker, conveyor line, as involving occasional proximity to moving mechanical parts, such automatic topping shakers and cake cutting machines. DOT 524.687-022.